**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

EDWARD LEE BOWN,

       Plaintiff,            :         Case No. 3:07-cv-375

                                               District Judge Walter Herbert Rice
   -vs-                                  Chief Magistrate Judge Michael R. Merz

                                     :

SHERIFF DAVE VORE, et al.,

       Defendants.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This case is before the Court on Plaintiff's Objections in part[1] (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (Doc. No. 4) recommending dismissal of this case without prejudice as against Laura Keniepp and James Dare for failure to state a claim upon which relief can be granted. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       Plaintiff's objection with respect to Ms. Keniepp is that she was his probation officer, was given the information about his broken leg, and did not get him help. His objection as to Mr. Dare is that "Laura Keniepp is his subordinate. He must be held to the fact that he is the immediate supervisor of his probation officers, and he is directly responsible for their actions."

       The Report and Recommendations makes a distinction between Ms. Keniepp and Mr. Dare on the one hand and Sheriff Vore and his subordinates on the other hand, recommending dismissal of the former and permitting the case to go forward at least so far as service of process as to the

---

[1] Plaintiff did not object to the proposed dismissal of Common Pleas Judge Dennis Langer on the basis of judicial immunity and Judge Rice has adopted that recommendation. Doc. No. 6.

latter. The reason why the Complaint may state a claim for relief[2] against Sheriff Vore and other named Defendants at the Montgomery County Jail is that Plaintiff was in Sheriff Vore's custody when his leg was broken. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment and is therefore actionable under 42 U.S.C. § 1983 for a deprivation of constitutional rights. *Helling v. McKinney,* 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)*, Wilson v. Seiter,* 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)*; Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)*.*

However, a probation officer does not have custody of an assigned probationer, except in those circumstances, not alleged to be present here, when a probation officer makes an arrest. Once a probationer has been turned over to the Sheriff, the duty to provide adequate medical care under the Constitution is that of the Sheriff. A probation officer does not have the duty under the Constitution or the common law to obtain medical care for a probationer under her supervision whom she learns has suffered a serious injury. Since she has no such duty, her supervisor has no derivative common law obligation under the doctrine of respondeat superior, the legal doctrine relied on by Plaintiff for including Mr. Dare.

As to any assertion of liability under § 1983 for Mr. Dare as supervisor, abundant case authority rejects such a claim. A supervisory employee cannot be held liable under §1983 for the constitutional torts of those he supervises unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Searcy v. City of Dayton*, 38 F.3d 282 (6th Cir. 1994), quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). ". . . there must be a showing that the supervisor encouraged the specific incident of

---

[2]The Court is not making a ruling at this point that the Complaint actually states such a claim, but merely making the initial finding under 28 U.S.C. § 1915 that the Complaint is not frivolous in asserting such a claim, giving latitude to the pleading because Plaintiff is proceeding *pro se* in this civil rights matter.

2

misconduct or in some other way directly participated in it. At a minimum, a . . . plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate. *Alioto v. City of Shively*, 835 F.2d 1173 (6th Cir. 1987). A superior is not liable unless he is "somehow personally at fault by actively participating in, encouraging or directing the commission of illegal acts by his subordinates. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570 (6th Cir. 1979); *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 61 (1978); *Jones v. Denton*, 527 F. Supp. 106 (S.D. Ohio 1981). For example, *respondeat superior* liability is not available in a medical treatment case as to warden and director of department of corrections. *Jones v. Denton*, 527 F. Supp. 106 (S.D. Ohio 1981). A claimed constitutional violation must be based upon active unconstitutional behavior. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Liability must be based on active unconstitutional behavior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).

Accordingly, it is again respectfully recommended that the claims made in this case against Laura Keniepp and James Dare be dismissed without prejudice for failure to state a claim upon which relief can be granted.

October 27, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of

law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).