# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

EDWARD LEE BOWN,

      Plaintiff,      :      Case No. 3:07-cv-375

    -vs-      Chief Magistrate Judge Michael R. Merz

      :

SHERIFF DAVE VORE, et al.,

      Defendants.

## AGREED PROTECTIVE ORDER

Plaintiff Edward Bown's medical records have been filed with the Court. These documents contain information which is personal to Plaintiff, which Plaintiff does not want generally disseminated and considers confidential. Accordingly, production of these documents and records shall be governed by this Order.

1. The medical documents and records produced by Plaintiff, and information derived therefrom, shall be used by the receiving party solely for the purpose of the prosecution or defense of this action, and for no other purpose, and in accordance with the terms of this Order.

2. Such information shall be maintained in confidence by counsel of record for the party to whom the information is produced or given, and shall not be disclosed to any other person in this litigation, or in any subsequent litigation, except:

    1. The parties to this action, who shall be required to abide by this Order;

    2. Any witness testifying in this action, pursuant to the terms of this Order;

    3. Court reporters, who shall be required to abide by this Order;

    4. Any expert witness used or consulted by counsel to this action, pursuant to the terms of this Order, and

    5. The Court and support personnel, pursuant to the provisions set forth herein or as

1

    otherwise ordered by the Court.  Any copies of such documents made by counsel are similarly governed by the terms of this Order.

3. The information considered confidential shall be marked with "CONFIDENTIAL."  Any summaries or notes prepared from any document marked "CONFIDENTIAL" are also subject to this Order.

4. Thirty (30) days after the conclusion of this entire action, including appeals, the Plaintiff's medical documents and records, and all copies thereof, are to be destroyed by all counsel with such documents in their possession.  Provisions of this order shall continue to be binding until the final conclusion of this action, or until they are modified.

5. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  This Protective Order does not authorize filing under seal.

August 22, 2008.

                 s/ **Michael R. Merz**

                 Chief United States Magistrate Judge